**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO ARAUJO-FLORES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 13-71186

Agency No. A074-305-403

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.**

Fernando Araujo-Flores, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals order affirming the Immigration Judge's

finding that he was removable as a controlled substances offender. *See* 8 U.S.C.

§ 1227(a)(2)(B)(i). We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Araujo-Flores was convicted for violations of California Health & Safety Code § 11550(a). That statute criminalizes being under the influence of a specified and finite list of substances (a subset of California's controlled substances schedules), which are set out in the disjunctive. A plain reading of the statute therefore reveals that it "list[s] potential offense elements in the alternative." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *see also Coronado v. Holder*, No. 11-72121, 2014 WL 983621, at *4 (9th Cir. Mar. 14, 2014) (holding a drug possession statute containing language virtually identical to the drug intoxication statute at issue here to be divisible). As such, the statute under which Araujo-Flores was convicted is divisible, and we can therefore apply the modified categorical approach.[1]

The judicially noticeable documents that form the record of Araujo-Flores's two convictions reflect a plea of guilty to count 1, charge "HS11550(a)." The charging documents, also judicially noticeable, are single-count complaints charging Araujo-Flores in count 1 of being "under the influence of a controlled substance, to wit: methamphetamine, in violation of HEALTH AND SAFETY

---

[1] For purposes of reaching this conclusion, we grant Araujo-Flores's motion to take judicial notice and take notice of the jury verdict forms from *People v. Nguyen*. The jury verdict forms do not and cannot change the plain meaning of the statute.

2

CODE SECTION 11550(a)." Looking at the charging documents in conjunction with the plea of guilty and the court minutes memorializing the judgment, we are left with no doubt that Araujo-Flores pled guilty to being under the influence of methamphetamine. *See, e.g.*, *United States v. Valdavinos-Torres*, 704 F.3d 679, 687–88 (9th Cir. 2012). Methamphetamine is a substance controlled under the federal Controlled Substances Act. *See* 21 C.F.R. § 1308.12(d)(2). Accordingly, Araujo-Flores's offense of conviction qualifies as a controlled substances offense under 8 U.S.C. § 1227(a)(2)(B)(i) and is a proper basis for his removal.

**PETITION DENIED.**